## POUTZ & AL. vs. DUPLANTIER.

*A sale, on credit of the goods of the maker of a note, does not discharge the indorser.*

THE defendant was sued as endorser of a note. The plaintiffs had brought suit and obtained judgment against the maker, whose property was taken in execution and sold at twelve months credit, under the act of 1808, ch. 15.

*Hennen,* for the defendant. This is complete payment, the maker's property being taken from him and sold to discharge the judgment : the debt is completely satisfied. The seizure made by the

sheriff, has divested the maker of the note from his right on the land taken in execution. He stands completely discharged. Surely the plaintiffs could not take him on a *ca' sa'*. The law will not take the maker's property, and the endorser's cash, to discharge the note, if the property seized be sufficient. If the plaintiffs recover in the present suit, the present defendants will turn round, after having paid the judgment, and bring their action against the maker of the note, for money paid for him ; and thus he will be twice charged. The seizure, or forced sale, of the goods and chattels of a debtor, transfers the property of the thing seized to the purchaser or vendee. *Civil Code*, 490, *art*. 1.

*Morel*, for the plaintiffs. The holder of a note cannot lose his claim on any of the parties whose name appears on the face or back of it, till he actually receives the amount of it. Even the capture, detention, and discharge from imprisonment of a co-obligee, does not discharge the others : nothing but actual payment will do it. *Hayling* vs. *Mulhall*, 2 *Bl. Rep.* 1235. A levy of sufficient property to satisfy the debt, will be of no avail to a co-obligee, unless an actual sale has taken place : till the money be paid.

*By the Court*. If the act of our legislature were susceptible of no other mode of construction,

SPRING 1812.
I. District.

POUTZ & AL.
*vs.*
DUPLAN TIER.

Spring 1812.
I District.

Poutz & AL.
vs.
Duplan-
tier.

than that for which the defendant's counsel contends, we would be bound to declare it unconstitutional. The tenth section of the first article of the constitution of the United States, provides that no state shall make any thing but gold or silver coin, a tender in payment of debts. If the plaintiffs were compelled to discharge the defendant, they would have nothing for the debt but the note and surety given by the purchaser of the property, at the sale under the execution, and the lien or mortgage on that property. That property, if it consist in negroes or goods, may perish—even lands are, in this country, liable to deterioration and destruction by the Mississippi. The law would, then, make such a note, a chose in action, and the lien on the goods sold, a tender in payment of debts. This the constitution of the United States has forbidden.

THE execution, till the money be actually got, is an ineffectual execution, and that is no bar to the plaintiff's claim, against a co-obligee, according to the cases cited on the part of the plaintiffs.

THE jury, however, found a verdict in favor of the defendant.

———※———

A wife, living out of her husband's house, not allowed to keep her daughter.